UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| IRFAN GOKCE, | ) | CASE NO. C06-1536-TSZ |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| ALBERTO R. GONZALES, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Irfan Gokce is a native and citizen of Turkey. On October 25, 2006, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his "indefinite" detention by the United States Immigration and Customs Enforcement ("ICE"). (Dkt. #1). On January 22, 2007, respondents filed a Return and Motion to Dismiss, arguing that petitioner's continued detention is neither unlawful nor indefinite because his removal is likely to occur in the reasonably foreseeable future. (Dkt. #13).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #1) be DENIED and respondents' motion to dismiss (Dkt. #13) be GRANTED.

REPORT AND RECOMMENDATION
PAGE -1

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner, Irfan Gokce, has a lengthy immigration background, which is made more complicated by the fact that he suffers from mental illness. Petitioner is a native and citizen of Turkey. (Dkt. #13, Ex. 1 at 1-9; Ex. 2 at 1-35). On September 29, 2000, he entered the United States without inspection near Blaine, Washington, where he was apprehended by Border Patrol Agents. *Id.* The same day, the former Immigration and Naturalization Service[1] ("INS"), issued a Notice to Appear, placing petitioner in immigration proceedings and alleging removability pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), because he had entered the United States without inspection. *Id.* The factual and procedural background of those proceedings is set forth in the Order on Report and Recommendation entered on November 18, 2003, in *Gokce v. Ashcroft*, Case No. C02-2568RBL, Dkt. # 43. (Dkt. #13, Ex. 1).

On November 12, 2004, the Immigration Judge ("IJ") issued an order denying asylum, withholding of removal, withholding under Article 3 of the Convention Against Torture, and voluntary departure, and ordered petitioner removed from the United States to Turkey. (Dkt. #13, Ex. 2). Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA") which affirmed the IJ's decision without opinion on May 3, 2005. (Dkt. #13, Ex. 3). On May 17, 2005, petitioner filed a Petition for Review with the Ninth Circuit Court of Appeals. *Gokce v. Gonzales*, No. 05-72895 (9th Cir. filed May 17, 2005). The Ninth Circuit entered a stay of removal which remains in effect. Petitioner's Petition for Review is currently pending with the Ninth Circuit.

---

[1] Effective March 1, 2003, the Immigration and Naturalization Service was abolished pursuant to the Homeland Security Act of 2002, 116 Stat. 2135, Pub. L. 107-296, *codified at* 6 U.S.C. § § 101, *et seq.*, and its immigration functions were transferred to the Department of Homeland Security ("DHS").

01       On October 25, 2006, petitioner filed the instant habeas petition, along with a motion to
02 appoint counsel, which the Court denied on October 31, 2006.  (Dkts. #2 and #4).  On January
03 22, 2007, respondents filed a Return and Motion to Dismiss.  (Dkt. #13).  On January 30, 2007,
04 petitioner filed a response, Dkt. #14, and a supplemental response, Dkt. #15.  The habeas petition
05 and motion to dismiss are now ready for review.

## III.  DISCUSSION

07       Petitioner argues that he is "indefinitely imprisoned unjustly."  (Dkt. #1 at 7).  Respondents
08 argue that this case does not involve indefinite detention.  (Dkt. #13 at 3).  The Court agrees with
09 respondents.

10       "When a final order of removal has been entered against an alien, the Government must
11 facilitate that alien's removal within a 90-day 'removal period.'"  *Thai v. Ashcroft*, 366 F.3d 790,
12 793 (9th Cir. 2004)(citing *Xi v. INS*, 298 F.3d 832, 834-35 (9th Cir. 2002)); INA § 241(a)(1)(A),
13 8 U.S.C. § 1231(a)(1)(A).  The removal period begins on the latest of the following:

14     (i) The date the order of removal becomes administratively final.

15     (ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the
    removal of the alien, the date of the court's final order.</u>

17     (iii) If the alien is detained or confined (except under an immigration process), the
    date the alien is released from detention or confinement.

18 8 U.S.C. § 1231(a)(1)(B)(emphasis added); s*ee also Khotesouvan v. Morones*, 386 F.3d 1298,
19 1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the
20 order of removal becomes final; the date a reviewing court lifts its stay following review and
21 approval of the order of removal; or the date the alien ordered removed is released from non-
22 immigration related confinement.").  During the removal period, continued detention is statutorily

REPORT AND RECOMMENDATION
PAGE -3

required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Where removal cannot be accomplished within the ninety-day removal period, detention beyond the removal period is authorized by INA § 241(a)(6), 8 U.S.C. § 1231(a)(6). In *Zadvydas* the Supreme Court determined that, beyond those ninety days, the government is entitled to a presumptively reasonable period of detention of six months to bring about the alien's removal from the United States. *Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). After the six month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Here, however, the *Zadvydas* rule is inapplicable for two reasons. First, petitioner's removal period has not yet begun because the Ninth Circuit has stayed his removal pending his appeal. See INA § 241(a)(1)(B)(ii). Second, as respondents correctly argue, petitioner's removal is reasonably foreseeable. Once the Ninth Circuit decides his appeal, ICE will remove or release petitioner. Thus, contrary to the petitioner in *Zadvydas*, petitioner's detention is neither "indefinite" nor "potentially permanent." *Zadvydas*, 533 U.S. at 690-91. Accordingly, petitioner fails to make a threshold showing of indefinite detention.

In his supplemental response, petitioner also asserts that his "Deportation-Proceeding and BICE-Detention is unlawful, because [he is] a Stateless Kurdish Asylee since June 12, 2002, and do[es] not wish to be deported to Turkey or any other Country — therefore [he is] undeportable." (Dkt. #15 at 3). This Court lacks jurisdiction to consider petitioner's claim that, because he is stateless asylee, he is undeportable, under the REAL ID Act of 2005. Judicial review of a final order of removal is governed by INA § 242, 8 U.S.C. § 1252, as amended by the REAL ID Act

REPORT AND RECOMMENDATION
PAGE -4

of 2005.  REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005)(enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("REAL ID Act").  This statutory provision provides, in part, that the exclusive means of asserting a challenge to a final order of removal and matters dependent thereon, such as the one challenged herein, is to file a Petition for Review with the appropriate court of appeals.  8 U.S.C. § 1252 (b)(2); (a)(5)("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter").  This provision makes clear that the Court does not have jurisdiction to entertain petitioner's challenge to his removal based on a claim that he is stateless asylee.  Accordingly, petitioners habeas petition must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, I recommend that respondents' motion to dismiss be granted, and that the action be dismissed.  A proposed Order accompanies this Report and Recommendation.

DATED this 17th day of May, 2007.

Mary Alice Theiler
United States Magistrate Judge